IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHILLIP MORRIS,                       )
                                      )
            Plaintiff,                )
                                      )        CIVIL ACTION NO. 1:11cv328-WC
       v.                             )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
            Defendant.                )

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Phillip Morris, applied for Supplemental Security Income ("SSI") benefits

under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*.  His

application was denied at the initial administrative level on May 13, 2008.  Tr. 11.  Plaintiff

then requested and received a hearing before an Administrative Law Judge ("ALJ") on

November 24, 2009.  Following the hearing, the ALJ issued a decision in which he found

Plaintiff not disabled since February 7, 2008, the date the application was filed.  Tr. 12.  The

Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  Tr. 1-5.  The

ALJ's decision consequently became the final decision of the Commissioner of Social

Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with
respect to Social Security matters were transferred to the Commissioner of Social Security.

case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10).  Based on the Court's review of the record and the briefs of the parties, the Court REMANDS the decision of the Commissioner for further review.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id.* at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id.* It also can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience.

Each factor can independently limit the number of jobs realistically available to an

individual. *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-

required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one.  This Court must

find the Commissioner's decision conclusive if it is supported by substantial evidence.  42

U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial

evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence

as a reasonable person would accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the

Commissioner's findings, [a reviewing court] must affirm if the decision reached is

supported by substantial evidence.").  A reviewing court may not look only to those parts of

the record which support the decision of the ALJ, but instead must view the record in its

entirety and take account of evidence which detracts from the evidence relied on by the ALJ.

*Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the
> reasonableness of the [Commissioner's] . . . factual findings.  . . . No similar
> presumption of validity attaches to the [Commissioner's] . . . legal conclusions,
> including determination of the proper standards to be applied in evaluating
> claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty-seven years old on the date he applied for SSI benefits.  Tr. 19.

Plaintiff has an 11th grade education, which includes special education classes.  Tr. 22, 139.

Following the administrative hearing, and employing the five-step process, the ALJ found

that Plaintiff has "not engaged in substantial gainful activity since February 7, 2008, the

application date."  (Step 1) Tr. 13.  At Step 2, the ALJ found that Plaintiff suffers from the

following severe impairments:  "sickle cell trait and borderline intellectual functioning."  Tr.

14.  At Step 3, the ALJ found that "[Plaintiff] does not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments."  Tr. 17.  Next,

the ALJ found that Plaintiff "has the residual functional capacity to perform light work as

defined in 20 C.F.R. 416.967(b)."  Tr. 19.  The ALJ then found that Plaintiff "has no past

relevant work."  (Step 4) Tr. 22.  Considering Plaintiff's "age, education, work experience,

and [RFC]," and after applying the Medical Vocational Grids, the ALJ determined "there are

jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

(Step 5) Tr. 23.  Accordingly, the ALJ determined that Plaintiff "has not been under a

disability . . . since February 7, 2008, the date the application was filed."  *Id.*

### IV.   PLAINTIFF'S CLAIMS

Plaintiff presents four issues for this Court's consideration in review of the ALJ's

decision:  (1) whether "the ALJ failed to properly apply Listing 12.05C"; (2) "Whether the

ALJ finding that Mr. Morris suffers from sickle cell trait is not supported by substantial

evidence"; (3) whether "the new and material evidence submitted to the Appeals Council warrants remand"; and (4) whether "the ALJ erred by failing to properly evaluate Mr. Morris'[s] pain." Pl.'s Brief (Doc. 17) at 1.  The Court finds that reversal is necessary for the ALJ to make a determination concerning whether Plaintiff meets the criteria of the introductory paragraph in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.  Because the Court finds reversal is warranted on the first issue, the Court declines consideration of the other issues raised by Plaintiff.

## V.    DISCUSSION

### *Whether the ALJ failed to properly apply listing 12.05C.*

The structure of the Listing for Mental Retardation, 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05, is different from that of other mental disorders listings.  The Listing contains an introductory paragraph which states:  "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05.  Further, the introductory paragraph states that "[t]he required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied."  *Id*.  Thus, if a plaintiff's impairment satisfies the diagnostic description in the introductory paragraph and any one of the four paragraphs, the impairment meets the Listing for Mental Retardation.

In evaluating whether Plaintiff met the requirements of mental retardation as set forth in the introductory paragraph, the ALJ stated:

> The claimant's borderline intellectual functioning has been considered under the requirements of section 12.05.  The claimant alleged mild mental retardation based on the results of intellectual function testing performed in the past.  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period . . .

Tr. 8.  Although he did not explicitly state that Plaintiff satisfied the introductory paragraph, the ALJ immediately began to analyze the requirements of paragraphs A, B, C, and D following the above statement, suggesting that the ALJ found that Plaintiff satisfied the requirements of the introductory paragraph.  Tr. 17-18.  The Commissioner argues that the ALJ's statements that Plaintiff "sustained a high level of adaptive functioning," "can function independently," and has "mild difficulties" in social functioning, indicate that the ALJ did not find Plaintiff met the introductory paragraph.  *Id*.  However, those statements were made in the context of evaluating Plaintiff under the requirements of paragraph D.  It appears the Commissioner would have this court read the introductory paragraph and paragraph D as the same.  Rather, the introductory paragraph requires the subaverage intellectual functioning and deficits in adaptive functioning to onset prior to the age of 22.  Paragraphs A, B, C, and D, describe the ways in which those Mental Retardation factors (intellectual functioning and deficits in adaptive functioning) can occur.

In addition, not only did the ALJ fail to state his findings in relation to the introductory paragraph, he also erred when evaluating the Plaintiff's claim under paragraph

C.  Paragraph C requires:  (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation or function."  20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C).  In determining the second prong, the ALJ will assess "the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [a claimant's] physical or mental ability to do basic work activities, *i.e.*, is a 'severe' impariment(s), as defined in §§ 404.1520(c) and 416.920(c)."  *Id.* at § 12.00(A) para. 4.  Therefore, if it is determined that a plaintiff has a "severe impairment" as defined in Step 2 of the ALJ's evaluation, then this satisfies Paragraph C's requirement of "additional and significant."  *See Carroll v. Astrue*, No. 1:08CV74-SRW, 2009 WL 1708073, at *1, n.2 (M.D. Ala. 2009 June 17, 2009) (citing 65 Fed. Reg. 50,746 at 50,772 (Aug. 21, 2000) ("We have always intended the phrase [significant work-related limitation of function] to mean that the other impairment is a 'severe' impairment, as defined in §§ 404.1520(c) and 416.920(c).").

The ALJ's evaluation of Paragraph C is as follows:

In terms of the requirements in paragraph C, they are not met because, although the claimant has a valid verbal, performance, or full scale IQ of 60 through 70, he does not possess a physical or other mental impairment imposing an additional and significant work-related limitation of function. . . . Although the claimant possesses the physical impairment of sickle cell trait, which does cause the claimant some exertional limitations, these additional limitations are not significant enough to preclude the claimant's performance of work activities at all exertional levels.  No treating or examining physician of record has placed any specific functional limitations on the claimant's activites and . . . the claimant remains capable of performing work activities at the light exertional level.

Tr. 18.  Thus, the ALJ determined that Plaintiff satisfied Paragraph C's first requirement of a "valid verbal, performance, or full scale IQ of 60 through 70." *Id*.  The ALJ then found that Plaintiff's sickle cell trait was not "significant enough to preclude [Plaintiff's] performance of work activities at all exertional levels." *Id*.  However, this finding is not the test for the second prong as set forth in Paragraph C, which requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function."   This portion of the Paragraph C was already decided, when at Step 2, the ALJ found that Plaintiff had the severe impairment of sickle cell trait in addition to borderline intellectual functioning.  Tr. 14.  *See Carroll*, 2009 WL at 1708073 *2 (holding that a finding of "severe" physical impairments at step 2 *ipso facto* was a finding that the claimant had shown an impairment as required by the second prong of Listing 12.05C).

As such, the ALJ erred in his determination that Plaintiff did not prove his impairments met Listing 12.05(C).  However, whether this is harmless error depends on the ALJ's determination following remand, concerning whether Plaintiff meets the requirements of the introductory paragraph of Mental Retardation.   If Plaintiff does not meet this introductory paragraph, the ALJ's determination concerning Paragraph C is harmless error; if Plaintiff does meet this introductory paragraph, Plaintiff meets the listing, and is entitled to benefits.

Accordingly, this Court finds that remand is necessary to determine whether Plaintiff met the introductory paragraph of 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C).

## VI.     CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for

the reasons given above, the decision of the Commissioner is REVERSED and this case is

REMANDED to the Commissioner for proceedings consistent with this decision.  A separate

judgment will issue.

Done this 10th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE